```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                       WESTERN DIVISION
```

PERRY MCGILL MURPHY,           :    No. 1:05-CR-00043
                               :    No. 1:07-CV-00990
    Petitioner,              :
                               :
            vs.              :    **OPINION AND ORDER**
                               :
UNITED STATES OF AMERICA,      :
                               :
    Respondent.              :

       This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255 (doc. 30) and the government's Response in Opposition (doc. 43). For the reasons indicated herein, the Court DENIES Petitioner's Motion.

**I. Background**

       Petitioner was found guilty of possession of a handgun by a convicted felon in the Eastern District of Tennessee, served a sentence of incarceration, and was placed on supervised release (doc. 43). Petitioner's supervised release was ultimately transferred to the Southern District of Ohio (Id.). Petitioner violated the terms of his release and was twice before this Court, on January 24, 2007, and most recently, on June 27, 2007 (Id.). On the latter date, the Court imposed a sentence of seven months incarceration followed by one year of supervised release, the first four months of which were to be served in a Residential Reentry

Center (Id.). On December 7, 2007, Petitioner filed the instant Motion to Vacate under 28 U.S.C. § 2255 (doc. 30).

**II. Petitioner's Claims and the Government's Response**

Petitioner cites four separate grounds for relief from his sentence (doc. 30). First, Petitioner states he was denied a right of appeal (Id.). Second, Petitioner states he misunderstood his plea as entered by counsel on his behalf (Id.). Third, Petitioner states he received ineffective assistance of counsel during trial and sentencing (Id.). Fourth, Petitioner states in sentencing him, the Court did not take into account a drug rehabilitation class he attended due to counsel's deficient performance (Id.). Petitioner argues the Court was unaware of "relevant facts" thereby suggesting he would have received a lesser sentence if counsel had introduced such "relevant facts" (Id.). Finally, Petitioner claims he was denied a right of appeal (Id.).

The government responds that Petitioner's four separate grounds for relief collectively amount to an ineffective assistance of counsel claim derivative of Petitioner's claim of denial of the right of appeal (doc. 43). The government argues that Petitioner has failed to meet his burden in establishing ineffective assistance of counsel (Id.). Citing Strickland v. Washington, 466 U.S. 668, 686-87 (1984), the government contends Petitioner must meet a two-prong test to successfully make out an ineffective assistance of counsel claim (Id.). First, Petitioner must show

that counsel's performance was so deficient that he was not functioning as 'counsel' as guaranteed by the Sixth Amendment (Id.). The government argues that though Petitioner proffered brief remarks to the Court regarding his personal feelings about his current circumstances, Petitioner did not object to the arguments advanced by counsel, nor did Petitioner state anything suggesting his dissatisfaction with counsel's alleged deficient performance (Id.). Additionally, the government argues Petitioner offers no indication about what his counsel could have done differently to achieve a more desirable outcome (Id.).

The government next argues that in addition to showing deficient performance by counsel, Petitioner must also show he was prejudiced by counsel's errors (Id.). The government argues that Petitioner has made no such showing, but merely has demonstrated he is unhappy with the period of supervised release ordered by the Court (Id.).

As for Petitioner's claim that he was denied the right to appeal, the government argues he fails to establish he made an actual request for an appeal (Id.). The government proffers a portion of the transcript at the sentencing hearing, which shows Defendant understood his rights, that the Court instructed him he had ten days to file an appeal, and that upon request the clerk would file a notice of appeal on his behalf (Id.).

**III. Discussion**

Having reviewed this matter, the Court finds the government's positions well-taken. Petitioner has not demonstrated under Strickland that his counsel's performance was deficient or resulted in prejudice. Petitioner's counsel requested the Court impose a twelve-month-and-one day sentence, with no supervised release, an option the Court reviewed and rejected in favor of a shorter term of incarceration and a year-long term of supervised release. Petitioner's counsel was in no way ineffective in relation to his client. The Court simply found the facts of Petitioner's case merited a term of supervised release, and that conclusion remains unchanged.

As for Petitioner's claim that he was denied a right to appeal, the Court finds such claim lacking in merit and unsupported by record evidence. The Court advised Petitioner of his right of appeal following the imposition of his sentence on June 27, 2007. Petitioner proffers no evidence that he instructed his counsel to file an appeal, and nothing in the record indicates he requested the clerk to do so.

**IV. Conclusion**

For the foregoing reasons, the Court DENIES Petitioner's Motion to Vacate (doc. 30), and DISMISSES this case from the Court's docket. Further, the Court DECLINES to issue a certificate of appealability because the Court does not find that Petitioner

4

has demonstrated "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983) (internal quotations omitted).  Finally, pursuant to 28 U.S.C. § 1915(a)(3), this Court CERTIFIES that any appeal of this Order will not be taken in good faith, and any application to appeal in forma pauperis will be denied.

       SO ORDERED.

Dated: July 29, 2008       /s/ S. Arthur Spiegel
                                     S. Arthur Spiegel
                                     United States Senior District Judge